JAMES M. FOSTER *v.* A. K. PARHAM and FRANLIN BOYD.

A deed from A to B conveying a tract of land, "the waters of a dam giving twelve feet over the wheel to establish the line," does not convey a right to pond the water upon another and different tract of A., distant three-quarters of a mile from the land conveyed, and separated therefrom by the lands of another person. Especially is this so, where the parties to the deed had no idea, and were, in fact, surprised to find that the dam would pond the water upon the second tract.

Such deed works no estoppel as to A, to prevent him from recovering damages for the injury arising therefrom.

[*Merrimon* v. *Russel*, 2 Jones Eq 470; *Wa tzer* v. *Garner*, 3 Jones 371, cited and approved.)

This was a CIVIL ACTION for the recovery of damages, tried before *Henry, J.* at Fall Term, 1875, of BUNCOMBE Superior Court.

The following statement of the case, signed by the counsel, is sent up as a part of the record. The action was for the recovery of damages, by reason of the erection of a mill-dam on New Found Creek, below the plaintiff's land in Buncombe county.

The defendants denied the allegations in the complaint, and further insisted that the plaintiff was estopped by his deed from maintaining this action. A copy of the deed is hereinafter set out.

The plaintiff replied to the answer, and the issues joined were sent by the Clerk to his Honor, the Judge of the district. The question of estoppel raised by the pleadings was retained by his Honor, who returned the following issues of fact to be tried by a jury at a regular term of the court:

1. Has there been an arbitration of the matter in dispute?

2. Has the plaintiff's land suffered damage by reason of the defendants' dam as alleged?

3. Does the amount of water of said dam exceed "twelve feet over the wheel of said mill?"

When the case was called at the next term of the court, the following order was made: Trial by jury is waived by the parties. By consent it is agreed that the issues on file in the cause shall be tried by his Honor, J. L. Henry at a time to be fixed by him.

The case was continued. Subsequent to this term of the court his Honor went upon the premises, heard the testimony offered by the parties, with the argument of counsel, and at Fall Term, 1875, reported that he had found the first issues in favor of the plaintiff and the other (3d) issue in favor of the defendant. Thereupon he adjudged that the plaintiff had been damaged by reason of the mill and dam, as set forth in the complaint and was entitled to relief, and three commissioners were appointed to assess the damages.

His Honor also held that the deed set up in the answer of

the defendants did not bar the right of the plaintiff to recover.

From his Honor's ruling the defendants appealed, and it was agreed with the sanction of the court that the appeal should await the final determination of the case, so that the whole case could be finally disposed of by the Supreme Court at the same time.

The commissioners appointed to assess the damages, reported that the plaintiff was entitled to recover sixty-five dollars per year, and judgment was rendered accordingly. Whereupon the defendants appealed.

The following is a copy of the deed referred to: —

"This indenture made and entered into this 16th day of August, one thousand eight hundred and sixty-one, between John W. Foster's heirs of the one part and J. M. Hays and A. K. Parham of the other part, all of the county of Buncombe and State of North Carolina witnesseth: That the said heirs for and in consideration of the sum of six dollars to them in hand paid the receipt and payment of which is hereby acknowledged, paid by the said J. M. Hayes and A. K. Parham, have by these presents, given, granted, bargained and sold, and by these presents do give, grant, bargain and sell unto the said J. M. Hayes and A. K. Parham a certain piece or parcel of land in the county aforesaid, on the west side of French Broad river, on New Found creek, joining the said heirs and said A. K. Parham's lands, *the waters of a dam giving twelve feet over the wheel to establish the lines*, containing one acre more or less, together with all and singular appurtenances thereunto belonging or in any wise appertaining to them the said J. M. Hayes and A. K. Parham, their heirs, executors, administrators and assigns forever. And we the said heirs, for our part, our heirs, executors, administrators and assigns, do and will warrant and forever defend the title to the above described land, from the lawful claim or claims of all and any person or persons whatever. In

testimony whereof, we have hereunto set our hands and seals the day and date first above written.

> J. W. FOSTER, [SEAL.]
> GHAMES F. FOSTER, [SEAL.]
> WM. FOSTER, [SEAL.]
>           his
> J. M. ⋈ FOSTER, [SEAL.]
>           mark.
>                              [SEAL.]
> E. S. FOSTER, [SEAL.]

*J. H. Merrimon*, for the appellants.
*Smith & Strong*, contra.

PEARSON, C. J. The defendants are the owners of a tract of land on the east side of "New Found Creek," and wishing to erect a mill thereon, procured the plaintiff to execute a deed, to the effect that in consideration of $6.00 the plaintiff sells and conveys to defendants a piece of land on the west side of the creek, supposed to contain one acre, more or less. "*The waters of a dam giving twelve feet over the wheel to establish the lines.*" (The reporter will set out the deed.)

Accordingly, the defendant makes his dam. The water not coming up "to twelve feet over the wheel," but it so happens that a different tract of land owned by the plaintiff, situate on the creek about three quarters of a mile above, and separated from his lower tract by the land of another person, is injured by the ponding back of the water by reason of the dam. For this injury the action is brought.

The defendants say the plaintiff is estopped by his deed from complaining of this injury to the upper tract, for by force of the deed, he has a right to raise the water twelve feet over his wheel, and if he cannot enjoy this right without injury to the upper tract the plaintiff must submit to the consequences.

We concnr with his Honor in the opinion, there is no estoppel, and no grant of an easement to which the upper tract is servient, either express or implied, by which the defendant acquired a right to cause the water to be ponded back to the injury of the upper tract.

The deed makes no reference to the upper tract. An injury to it was not foreseen by the parties, and is not provided for. Had the injury been foreseen, the defendant would not have built his dam without securing an easement, as well on the upper tract as on the intervening tract.

With nothing to depend upon except a deed for the small parcel of land taken off of the lower tract, at the abuttment of the dam, the quantity of land "to be established by the waters of the dam, giving twelve feet over the wheel," the defendant builds his dam and finds, contrary to all expectation, that the upper tract is injured. To meet this emergency he was bound to do one of three things, agree with the plaintiff and get a grant of an easement in respect to the upper tract, or if the injury was caused by the "big log and drift wood and mud, &c., set out in the answer, which obstructs the channel of the creek, have the raft removed and keep the channel clear, or if the injury is the result of a natural cause, to-wit: there is not fall enough in the creek to allow the dam to be kept up to its present height, then lower the dam, or take it away, if the mill cannot be run with a less head of water. The defendant was obliged to do one of these three things or violate the maxim, "Use your own so as not to abuse the property of another," which is a corrollory from the diverse rule, "Do unto others as ye would they should do unto you." The brief of the counsel for defendant refers to *Merimon v. Russel*, 2 Jones' Eq., 470; *Whitaker* v. *Garner*, 3 Jones, 171. These are interesting cases on the question when *the land* passes, and where only an easement, but do not bear on our question, which is, on what ground can an easement to pond water back to the injury of the upper tract be implied.

from a deed for a parcel of the lower land? The quantity to be established by the water mark at twelve feet over the wheel.

Upon consultation among the Justices, it was suggested, may not the grant of an easement to pond the water on the upper tract be implied from the fact, that otherwise the defendant will not be able to enjoy the benefit of the parcel of land conveyed in as full a measure as the parties contemplated. Reply: This result was not foreseen or provided for by the parties to the deed, and the court cannot add to its provisions.

It occurred to me in writing out the opinion, how can our case be distinguished from the case of one who buys one acre in the centre of a ten acre tract? It is settled that the purchaser has a right of way by *implication, ex neces itate,* doing as little damage as may be. Upon reflection, I am satisfied that his Honor made the true distinction. In the instance of the one acre in the centre of a ten acre field, the need for a right of way was patent, and *ex necessitat,* the grant of a right of way is implied. In our case the need for an easement to pond the water back upon the upper tract was not patent, but so far from it, the injury to the upper tract by the ponding of the water was unexpected and took both parties by surprise. So in the absence of an express grant of the easement, the court cannot imply one.

No error.

PER CURIAM.                                    Judgment affirmed.